Approved: _____
DEREK WIKSTROM
Assistant United States Attorney

Before:   THE HONORABLE JUDITH C. McCARTHY
          United States Magistrate Judge
          Southern District of New York

20 Mag 9005

- - - - - - - - - - - - - - - - - - X
                                     :   **COMPLAINT**
UNITED STATES OF AMERICA             :
                                     :   Violation of 18 U.S.C.
     - v. -                          :   § 922(g)(1)
                                     :
AKEEM KRUBALLY,                      :
                                     :   COUNTY OF OFFENSE:
               Defendant.            :   WESTCHESTER
                                     :
- - - - - - - - - - - - - - - - - - X

SOUTHERN DISTRICT OF NEW YORK, ss.:

ARTHUR SACCO, being duly sworn, deposes and says that he is a Special Agent with the Federal Bureau of Investigation ("FBI"), and charges as follows:

**COUNT ONE**

1. On or about August 21, 2020, in the Southern District of New York, AKEEM KRUBALLY, the defendant, knowing he had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, knowingly did possess a firearm, to wit, a Smith & Wesson MP 9 Shield with serial number HVU4924, containing eight rounds of ammunition, and the firearm was in and affecting interstate commerce.

(Title 18, United States Code, Section 922(g)(1).)

The bases for my knowledge and for the foregoing charge are, in part, as follows:

2. I am a Special Agent with the FBI. I have been personally involved in the investigation of this matter. This affidavit is based upon my personal participation in the investigation of this matter, as well as on my conversations with other law enforcement officers and others, and my examination of reports and records. Because this affidavit is

being submitted for the limited purpose of establishing probable cause, it does not include all the facts I have learned during the investigation. Where the contents of documents or the actions, statements, or conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

3. Based on my discussions with other law enforcement officers, and my review of law enforcement records, I have learned, among other things, the following:

a. On or about August 21, 2020, two officers with the Mount Vernon Police Department ("MVPD") were on patrol in an unmarked police vehicle in Mount Vernon, New York. Shortly after 10 p.m., the officers pulled their car alongside a black Jeep Wrangler (the "Jeep") that was parked in front of a building on Millington Street in Mount Vernon. As the officers pulled alongside the Jeep, a person subsequently identified as AKEEM KRUBALLY, the defendant, who was sitting in the rear passenger seat on the Jeep's driver's side, rolled down his window and asked the officers "Yo, y'all good?"

b. After KRUBALLY rolled down his window, the MVPD officers smelled a strong odor of marijuana, so they pulled their car in front of the Jeep, got out of their car, and identified themselves as law enforcement. At that point, KRUBALLY opened the rear driver's side door and got out of the Jeep. The officers instructed KRUBALLY to get back into the Jeep, but he instead began to walk away, southbound on Columbus Avenue. KRUBALLY then started running.

c. One of the officers ("Officer-1") ran after KRUBALLY, ultimately reaching him and tackling him to the ground. The other officer ("Officer-2") initially stayed with the Jeep, but began to run towards KRUBALLY and Officer-1 as KRUBALLY began standing back up. Before Officer-2 reached KRUBALLY, he saw a black handgun (the "Firearm") fall out of a black satchel (the "Satchel") that KRUBALLY was wearing. KRUBALLY stood back up and continued to run away from the officers, and although they secured the Firearm and chased him, KRUBALLY was able to get away.

d. The Firearm is a Smith & Wesson MP 9 Shield with serial number HVU4924. The Firearm was loaded when it was recovered—there were eight rounds in the magazine.

e. After KRUBALLY ran away, MVPD brought a tracking police dog to the scene. With the assistance of the

2

dog, the MVPD tracked KRUBALLY to a nearby school. Although KRUBALLY was no longer there, MVPD officers found the Satchel on the ground in back of the school. The Satchel contained, among other things, a New York State identification card, a health insurance card, and a debit card in the name of AKEEM KRUBALLY. The Satchel also contained several bank cards in the names of other people.

        f.    During the pursuit of KRUBALLY, the Jeep left the scene before MVPD officers were able to question its other occupants.

        g.    On or about the evening of August 21, 2020, detectives with the MVPD conducted an interview of Officer-1, during which they showed Officer-1 a set of six photographs of six individuals matching the description of the suspect who dropped the Firearm. One of the six photographs was a photograph of AKEEM KRUBALLY, the defendant. Officer-1 identified the KRUBALLY as the person who he tackled to the ground.

        h.    On or about the evening of August 21, 2020, detectives with the MVPD conducted an interview of Officer-2, during which they showed Officer-2 a set of six photographs of six individuals matching the description of the suspect who dropped the Firearm. One of the six photographs was a photograph of AKEEM KRUBALLY, the defendant. Officer-2 identified the KRUBALLY as the person who he saw drop the Firearm.

        4.    Based on my review of a criminal history report and court records pertaining to AKEEM KRUBALLY, the defendant, and my involvement in this investigation, I have learned, among other things, that on or about September 5, 2019, KRUBALLY pled guilty to conspiracy to commit access device fraud, in violation of 18 U.S.C. § 1029(b)(2), and on or about January 24, 2020, he was sentenced by the Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, principally to three months' imprisonment on a statutory maximum of 90 months' imprisonment.

        5.    As part of my investigation, I have been informed by an agent of the United States Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), who has expertise concerning the manufacturing of firearms and who reviewed photographs of the Firearm, that the Firearm was manufactured either in Connecticut or Nebraska.

WHEREFORE, the deponent respectfully requests that a warrant issue for the arrest of AKEEM KRUBALLY, the defendant, and that he be arrested, and imprisoned or bailed, as the case may be.

/s/ Arthur Sacco, Credential No. 26696
ARTHUR SACCO
Special Agent
Federal Bureau of Investigation

Sworn to me through the transmission of this
Complaint by reliable electronic means, pursuant to   **(By FaceTime)**
Federal Rule of Criminal Procedure 4.1, this

**24th** day of August, 2020

*Judith C. McCarthy*
THE HONORABLE JUDITH C. McCARTHY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK